1  DAVID H. KRAMER, State Bar No. 168452
   WILSON SONSINI GOODRICH & ROSATI
2  Professional Corporation
   650 Page Mill Road
3  Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
4  Facsimile:  (650) 565-5100
   DKramer@wsgr.com
5
   Attorneys for Defendant Google Inc.
6

7
                    UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9
                        SAN FRANCISCO DIVISION
10

11  CARL E. PERSON,                )   CASE NO.:  C 06-7297 (SI)
                                   )
12          Plaintiff,              )   **DEFENDANT GOOGLE INC.'S**
                                   )   **ADMINISTRATIVE MOTION FOR**
13      v.                         )   **TRANSFER TO SAN JOSE**
                                   )   **DIVISION**
14  GOOGLE Inc.,                   )
                                   )   Before:   Hon. Susan Illston
15          Defendant.              )
                                   )
16

17                              **INTRODUCTION**

18      Defendant Google Inc. ("Google") hereby moves for an order transferring this case to the

19  San Jose Division within this District, pursuant to Civil Local Rules 3-2 and 7-11.

20      Several factors require transfer of this case. First, the contract between the parties that is at

21  the heart of their dispute requires adjudication of all claims arising out of or in connection with the

22  AdWords program in Santa Clara County, California, which is within the San Jose Division. The

23  parties' mandatory venue clause has already been enforced in this case. Plaintiff originally

24  commenced this action in the United States District Court for the Southern District of New York.

25  In granting Google's motion challenging plaintiff's improper venue, the New York Court

26  transferred the case to the "Northern District of California at San Jose, which is in Santa Clara

27  County, the forum selected by the contract."  For some reason, notwithstanding the forum

28

selection clause or the Court's Order transferring the case to the San Jose Division, the matter was assigned here. That assignment was in error.

In addition, given that plaintiff's claims arise out of Google's operations in Mountain View, California, a substantial part of the events giving rise to his claims occurred in Santa Clara County. Under Local Rule 3-2, such claims are to be venued in the San Jose Division.

Google believes that this case is related to *KinderStart.com, LLC v. Google Inc.*, C 06-2057 JF (RS) (the "*Kinderstart*" action) and its administrative motion for related case treatment is currently pending before Judge Fogel, who is presiding in *KinderStart*. Even if Judge Fogel does not grant Google's request for related case treatment, however, the matter should be transferred to the San Jose Division in light of the parties' forum selection clause, the prior order entered in this case, and the controlling local rule.

Plaintiff has not consented to the requested transfer. *See* Declaration of David H. Kramer, executed January 2, 2007 ("Kramer Decl."), at ¶ 2, filed concurrently herewith.

## BACKGROUND

Carl Person commenced this action against Google in June 2006, in the United States District Court for the Southern District of New York. Kramer Decl. Ex. A. Plaintiff alleges that he purchased Google's on-line advertising services through its AdWords program, and that Google engages in anticompetitive behavior through that program. *See* Complaint ("Compl.") ¶¶ 6, 8, 12-13, 25, 28, 86-96, 115-24 (annexed as Exhibit B to Kramer Decl.). Specifically, plaintiff contends that Google has improperly monopolized or attempted to monopolize the supposed market for search-related online advertising though its new system for determining prices at which to offer advertising space. *Id.* ¶¶ 12-14, 21-24, 31-32, 86-88.

On July 27, 2006, Google moved to dismiss plaintiff's complaint for improper venue in light of the forum selection clause in the AdWords contract that plaintiff signed, and for failure to state a claim upon which relief can be granted. Kramer Decl. Ex. A. The forum selection clause to which plaintiff agreed in November 2003, when he first purchased AdWords advertising, mandates:

> This Agreement shall be governed by the laws of California, except for its conflicts of laws principles. Any dispute or claim arising out of or in connection with this Agreement shall be adjudicated in Santa Clara County, California.

Kramer Decl. Ex. C at 3. Google is headquartered in Santa Clara County. *See* Compl. ¶ 9.

By Opinion and Order filed on October 11, 2006, the District Court (Hon. Robert P. Patterson) granted Google's motion to dismiss the case for improper venue. Kramer Decl. Ex. D. The District Court transferred the case to this District "at San Jose, which is in Santa Clara County, the forum selected by the contract." *Id.* at 15. The District Court did not reach Google's motion to dismiss for failure to state a claim, which motion remains pending.

For some reason, despite the New York Court's Order and the parties' agreed upon forum selection clause, the action was assigned to Magistrate Judge Spero in the San Francisco Division of this District. Kramer Decl. Ex. E. On December 1, 2006, Google filed an administrative motion in the *Kinderstart* action, seeking related treatment of the instant case with *Kinderstart*. Like plaintiff here, plaintiff Kinderstart.com alleges that Google engages in anticompetitive conduct through its AdWords program, including through its system for determining the pricing to purchase advertising.

After Google's administrative motion for related case treatment was filed, on December 18, 2006, plaintiff provided notice of his declination to proceed before Magistrate Spero. *Id.* On December 20, 2006, a Clerk's Notice of Impending Reassignment was issued, advising that this action had been assigned to this Court. *Id.* Google's motion for related case treatment remains pending before Judge Fogel, who sits in San Jose. Even if Judge Fogel does not deem this case related to *Kinderstart*, the case should be transferred to the San Jose Division.

**THIS CASE SHOULD BE TRANSFERRED TO THE SAN JOSE DIVISION**

Civil Local Rule 3-2 provides that, with limited exceptions not applicable here, all civil actions "shall be assigned by the Clerk to a Courthouse serving the county in which the action arises. A civil action arises in the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated." Civ. L. R. 3-2(c). In addition, all civil actions arising in the county of Santa Clara "shall be assigned to the San Jose Division." Civ. L. R. 3-2(e). A Judge

1  may, upon her own motion or the motion of any party, order a transfer to a different Division

2  within the District upon a finding that (i) a civil action has not been assigned to the proper

3  Division in accordance with Rule 3-2, or (ii) the convenience of parties and witnesses and the

4  interests of justice will be served by such inter-division transfer.  Civ. L. R. 3-2(f).

5        Several factors mandate transfer to the San Jose Division here.  First, plaintiff has already

6  agreed to adjudicate any claims arising out of or in connection with the AdWords program in

7  Santa Clara County, within the San Jose Division of this Court.  Kramer Decl. Ex. C.  Second, the

8  District Court in New York has already enforced the agreed-upon venue clause specifically

9  ordering that this case be transferred to the "Northern District of California at San Jose, which is

10  in Santa Clara County, the forum selected by the contract."  *Id.* Kramer Decl. Ex. D at 15.  Last,

11  but not least, Civ. L. R. 3-2(c) calls for assignment of this case to the San Jose Division, as a

12  substantial part of the events which give rise to the claims occurred in Santa Clara County.

13  Plaintiff's claims stem from his purchase of advertising under the AdWords program and

14  Google's conduct relating to that program, all of which took place in Mountain View California,

15  within Santa Clara County.  Kramer Decl. Ex. C.[1]

16  **CONCLUSION**

17        For the reasons set forth above, Google respectfully requests that the Court order this

18  action transferred to the San Jose Division.

19  Dated: January 2, 2007     WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation

20

21      By: /s/ David H. Kramer
        David H. Kramer

22      Attorneys for Defendant Google Inc.

---

[1] While admittedly not an important consideration in these circumstances, the convenience of the parties and witnesses slightly favor a transfer as well.  The reason for the forum clause in Google's contract is that it is more convenient for the company and its witnesses to litigate cases near its headquarters in Mountain View.