DAVID H. KRAMER, State Bar No. 168452
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
DKramer@wsgr.com

JONATHAN M. JACOBSON, N.Y. State Bar No. 1350495
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
JJacobson@wsgr.com

Attorneys for Defendant
Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL E. PERSON, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | CASE NO.: C 06-7297 JF (RS) <br><br> **DEFENDANT GOOGLE INC.'S OPPOSITION TO PLAINTIFF PERSON'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AND 3-WEEK EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS** <br><br> Before: Hon. Jeremy Fogel |

DEFENDANT GOOGLE OPPOSITION TO
PLAINTIFF PERSON'S ADMINISTRATIVE MOTION
CASE NO. C 06-7297 JF (RS)

**INTRODUCTION**

On the day he was due to oppose Google's renewed Motion to Dismiss his Complaint, Plaintiff Carl Person instead filed a procedurally improper and meritless administrative motion. In it, Person seeks leave to again amend his complaint and asks for a continuance of the current March 2 hearing date to allow for such amendments.

Civil Local Rule 7-11 which governs administrative motions makes clear that they are not to be used for these purposes. Having already amended his complaint, Person was obligated to seek leave of Court via a properly noticed motion under Fed R. Civ. P. 15 for any further amendments, and was required to attach any proposed amendments to such a motion under Civil Local Rule 10-1. At this point, Person has made no showing whatsoever that any amendments are justified, and Google strongly suspects that they are not. A continuance of the upcoming hearing on Google's motion, to permit such amendments or otherwise, is unjustified.

**BACKGROUND**

Person commenced this action on June 19, 2006, asserting antitrust and deceptive trade practices claims in connection with Google's AdWords program. Declaration of David Kramer, executed February 12, 2007 ("Kramer Decl.") ¶1, Ex. A (Entry 1). The case was assigned to Judge Patterson in the United States District Court for the Southern District of New York.

On July 27, 2006, Google moved to dismiss the action both for failure to state a claim and for improper venue in light of the mandatory forum selection clause in the parties' AdWords agreement. *Id.* (Entry 7). In opposing the motion, on August 3, 2006, Person filed a cross-motion to amend his complaint, adding two paragraphs of allegations. *Id.* (Entries 11, 12); Kramer Decl. Ex. B.

On September 13, 2006, Judge Patterson heard argument on Google's motion to dismiss. Kramer Decl. Ex. A. By letter dated September 15, 2006, Person advised the Court that he wanted to amend his complaint further to respond to deficiencies identified at oral argument. *Id.* (Entry 18). Google opposed the request, suggesting that further activity in the case await decision on Google's motion to dismiss. *Id.* (Entry 22). On September 18, 2006, Judge Patterson denied Person's request to amend. *Id.* (Entry 18) (also sustaining Google's

opposition). Later on September 18, 2006, Person again requested leave to file an amended complaint, asserting that he had not previously amended. *Id.* (Entry 19). On September 20, 2006, Judge Patterson again denied Person's request, noting that Person had indeed already amended his complaint: "In response to defendant's motion to dismiss, plaintiff filed a cross-motion amending his complaint on 8/3/2006 under Fed. R. Civ. P. 15(a). This is a second amendment." *Id.* (Entry 19).

On October 11, 2006, Judge Patterson granted Google's motion based on improper venue and transferred the action to this Court without ruling on whether Person had stated a claim. *Id.* (Entry 27). On October 15, 2006, Person wrote to Google attaching a proposed second amended complaint and stating that his "first order of business in the Northern District of California" would be to file it. Kramer Decl. Ex. C. Believing Person's proposed amendments were specious, Google informed Person that it did not consent to them. Thereafter, Person said nothing about amendments for months.

After the action was transferred here, the Court set a March 2, 2007 date for a case management conference. On January 24, Google's counsel emailed Mr. Person to set Google's renewed Motion to Dismiss for hearing that same day. Kramer Decl. Ex. D ("Also, we have reserved March 2 with Judge Fogel for a hearing on Google's motion to dismiss your action (which is the same day as the CMC). Let me know if you would like to discuss the motion."). When Mr. Person did not respond, on January 25, 2007, Google refiled its Motion to Dismiss, requiring an opposition from Person by February 9, 2007. Person then delayed until February 9 to file the instant administrative motion seeking leave to amend his complaint in unspecified ways and a three-week extension of the hearing date to allow for the unspecified amendments.[1]

---

[1] Person delayed until after close of business on February 8, 2007, to seek Google's consent to his administrative request, sending it via electronic mail. Kramer Decl. Ex. E. The next morning, before Google had a chance to respond to the request, Person filed this motion. *Id.*

DEFENDANT GOOGLE'S OPPOSITION TO    -2-
PLAINTIFF PERSON'S ADMINISTRATIVE MOTION
CASE NO. C 06-7297 JF (RS)

# ARGUMENT

## A. Person's Administrative Motion Is Procedurally Defective

An administrative motion is not the proper vehicle for seeking leave to amend. Civil Local Rule 7-11, which Person invokes, is only for "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge." Civ. L.R. 7-11. Examples include "matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal." *Id.* The filing of new allegations and claims surely does not constitute a miscellaneous administrative matter. Indeed, leave to amend a complaint is separately governed by Fed. R. Civ. P. 15 and Civil Local Rule 10-1, thus removing amendments from the ambit of Civil Local Rule 7-11.

In addition, Civil Local Rule 10-1 requires a movant seeking to amend his pleading to "reproduce the entire proposed pleading," and precludes "incorporat[ing] any part of a prior pleading by reference." Civ. L.R. 10-1. Person's administrative request fails to attach or set forth his proposed amended pleading. Thus, even if Rule 7-11 were a proper vehicle for amending pleadings, Person's motion would be defective.

## B. Person's Administrative Motion is Substantively Meritless

Putting aside the procedural flaws in his motion, Person is plainly wrong in asserting that he is entitled to amend as of right under Fed. R. Civ. P. 15(a). Motion at 1, 4; Memo of Law at 1. That rule provides that a party can amend as of right only before a responsive pleading is filed, and only *once*. Fed. R. Civ. P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is filed."). As Judge Patterson twice pointed out, Person already amended his complaint on August 3, 2006, when opposing Google's motion to dismiss. Kramer Decl. Ex. A (Entries 11, 12), Ex. B. Thus, Person now proposes a second amendment, requiring leave of Court. Person concedes as much, given that his motion seeks "leave" to amend. *See* Person Decl. ¶ 2 ("I need the Court's involvement to obtain that right, under F. R. Civ. P. 15(a)."). The posture of this case has not changed since Judge

Patterson ruled.[2]  While Person may disagree with Judge Patterson's rulings, he cannot proceed as if they do not exist.

Having failed even to attach his proposed pleading to his request, Person has not demonstrated good cause for any supposed amendments.  Based on the materials it received from Person five months ago, Google believes that the amendments Person seeks are frivolous (*e.g.* claiming punitive damages under Cal. B&P Code §17200) and intended solely to add delay and expense to the case.  That Person waited to file anything concerning supposed amendments until the day his opposition to Google's Motion to Dismiss was due adds suspicion about his improper motivations and indicates undue delay.  *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (in considering request for leave to amend, court considers bad faith, undue delay, prejudice to opposing party, futility of amendment, and whether plaintiff has previously amended).

### C. No Continuance Is Warranted

When Google's counsel proposed the March 2, 2007 hearing date for its Motion to Dismiss to Person on January 24, Person did not respond.  Kramer Decl. ¶ 5.  Google thus electronically filed its motion on January 25, sent its papers by fax to Person that day, and sent him a copy by mail that day as well.[3]  *Id.*  Person never claimed to need more time to respond to Google's motion.  Indeed, such a request would have made no sense as Google's motion is virtually identical to the one the parties previously briefed and argued before Judge Patterson.

---

[2] Attempting to avoid his August 3, 2006 amendment, Person now claims that he filed only a motion for leave to amend on that date, which motion was never granted and is now moot.  Motion at 2; Memo of Law at 2.  Person is wrong.  Judge Patterson plainly, and correctly, permitted Person's August 3, 2006 filing as an amendment as of right.  *See* Kramer Decl. Ex. A (Entry 19 (stating that Person "filed a cross-motion amending his complaint on 8/3/2006")).  Person also appears to suggest that his August 3, 2006 request to add only two paragraphs to the complaint somehow did not constitute a real amendment.  Motion at 2; Person Decl. at ¶ 3.  But Person was free to amend his complaint however he deemed fit after viewing Google's motion to dismiss; he chose to add only the two paragraphs.

[3] Person thus received Google's motion to dismiss (and the motion was filed and served) *36* days before the date scheduled for hearing.  Person does not claim otherwise.

DEFENDANT GOOGLE'S OPPOSITION TO           -4-
PLAINTIFF PERSON'S ADMINISTRATIVE MOTION
CASE NO. C 06-7297 JF (RS)

On the day his opposition was due, Person served Google with this motion seeking a three week continuance, hoping to bootstrap his improper, unspecified amendments. He made no showing as to why a continuance was otherwise appropriate, and no effort to comply with the requirements of Civil Local Rule 6-3 which governs all requests to change time. In short, no continuance is justified.

## CONCLUSION

For the reasons stated above, Person's Administrative Motion should be denied.

Respectfully submitted,

Dated: February 12, 2007

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____/s/_____
    David H. Kramer

Attorneys for Defendant
Google Inc.