**E-Filed 6/25/2007**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CARL E. PERSON,<br><br>          Plaintiff,<br><br>    v.<br><br>GOOGLE, INC.,<br><br>          Defendant. | Case Number C 06-7297 JF (RS)<br><br>ORDER[1] GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND<br><br>[re: docket no. 46] |

Defendant Google, Inc. ("Google") moves to dismiss the Second Amended Complaint ("SAC") of Plaintiff Carl E. Person[2] for failure to state a claim upon which relief can be granted. For the reasons discussed below, the motion will be granted without leave to amend.

**I. BACKGROUND**

1. Procedural Background

Plaintiff filed the initial complaint in this action on June 19, 2006 in the Southern District of New York. The initial complaint included six claims: (1) attempted monopolization and

---

[1] This disposition is not designated for publication and may not be cited.

[2] Plaintiff, acting *pro se*, is an attorney.

Case No. C 06-7297 JF (RS)
ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFLC1)

1  monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2; (2) conspiracy to
2  restrain trade and fix prices in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1; (3)
3  attempted monopolization and price fixing in violation of Section 340 of the Donnelly Act, N.Y.
4  Gen. Bus. Law § 340; (4) deceptive acts and practices in violation of N.Y. Gen. Bus. Law §§
5  349, 349-c; (5) false advertising in violation of N.Y. Gen. Bus. Law §§ 350, 350-e; and (6)
6  monopolization, conspiracy to fix prices, and discriminatory pricing in violation of the
7  Cartwright Act, Cal. Bus. & Prof. Code § 16720.

8       On July 27, 2006, Google moved to dismiss the complaint for improper venue and for
9  failure to state a claim upon which relief can be granted. On August 3, 2006, Plaintiff opposed
10 the motion and requested leave to amend his complaint by the addition of two paragraphs.[3]
11 Plaintiff did not add claims to his complaint. On September 20, 2006, one week after oral
12 argument on the motion, Plaintiff informed Judge Patterson that he wished to make further
13 amendments to his complaint. In a letter dated September 18, 2006, Judge Patterson determined
14 that Plaintiff had exercised his right to amend his complaint on August 3, 2006, and declined to
15 grant Plaintiff further leave to amend. On October 11, 2006, Judge Patterson granted the motion
16 to dismiss for improper venue without deciding whether Plaintiff stated a claim upon which relief
17 may be granted.

18      On November 27, 2006, the instant case was transferred to this Court. The operative
19 complaint at the time of the transfer was the FAC, that is, Plaintiff's original complaint as

---

[3] The paragraphs were:
"95A. Google's anticompetitive activities as alleged are specifically intended to increase Google's income, profits and of the keyword-targeted internet advertising market, and to deprive competitors Yahoo, MSN and any others of income, profits and market share."
"146A. Plaintiff is a consumer as to his candidacy and part-time book selling activities and, upon information and belief, many hundreds of thousands of AdWords advertisers during the past 3 years are also consumers in their Google advertising activities, including consumers who are (i) candidates for public office, (ii) offering unwanted personal goods for resale and/or (ii) [sic] retired or self employed persons, acting part-time, offering goods or services to supplement their income."
*See* Google Opposition to Motion for Leave to Amend Ex. B.

amended as of right on August 3, 2006.[4] On January 5, 2007, this Court issued an order relating the instant case to *KinderStart.Com, LLC v. Google, Inc.*, No. C 06-2057 JF (RS). On January 25, 2007, Google moved to dismiss the FAC for failure to state a claim upon which relief may be granted. On February 9, 2007, Plaintiff moved for leave to file a document that he entitled "First Amended Complaint," but that in fact would have been, in light of Judge Patterson's earlier ruling, a second amended complaint. That proposed pleading included more factual detail and added claims under California law.[5] On February 13, 2007, the Court granted in part and denied in part Plaintiff's motion and instructed Plaintiff that he "should be prepared to argue why leave to amend should be granted in the event that the Court grants the motion [to dismiss]." February 13, 2007 Order 2. On February 20, 2007, Plaintiff filed opposition to the motion to dismiss. The Court heard oral argument on that motion on March 9, 2007. On March 16, 2007, the Court concluded that the proposed complaint was legally insufficient and granted the motion to dismiss with leave to amend ("March 16th Order"). The Court permitted Plaintiff to file a second amended complaint, limited to the six claims asserted in the original complaint, within thirty days.

On April 16, 2007, Plaintiff filed the instant SAC. It pleads two claims in the alternative: (1) monopolization in violation of Sherman Act § 2; and (2) attempted monopolization in

---

[4] To the Court's knowledge, no single document exists that incorporates the amendments made to the complaint on August 3, 2006.

[5] The proposed complaint included fifteen claims: (1) monopolizing and attempting to monopolize in violation of Sherman Act § 2; (2) denial of use of essential facility to competitor and denial of non-discriminatory use of AdWords in violation of Sherman Act § 2; (3) conspiracy to fix prices and unreasonably restrain trade in violation of Sherman Act § 1; (4) violation of the California Cartwright Act, Cal. Bus. & Prof. Code § 16720; (5) violation of the California Unfair Practices Act, Cal. Bus. & Prof. Code §§ 17000, *et seq.*; (6) violation of the New York Donnelly Act, N.Y. Gen. Bus. Law § 340; (7) breach of contract; (8) rescission of contract; (9) reformation of contract; (10) violation of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1770(a); (11) unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*; (12) false and misleading advertising in violation of Cal. Bus. & Prof. Code §§ 17500-09; (13) class action claims under California law; (14) deceptive acts and practices in violation of N.Y. Gen. Bus. Law §§ 349, 349-c; and (15) false advertising in violation of N.Y. Gen. Bus. Law §§ 350, 350-e.

1 | violation of Sherman Act § 1.  On May 30, 2007, Google moved to dismiss the SAC for failure
2 | to state a claim.  Plaintiff opposes the motion.  The Court heard oral argument on June 15, 2007.
3 | 2.    Allegations Made by Plaintiff
4 | The SAC contains the following material allegations, which the Court presumes to be
5 | factual for purposes of the present motion.  Plaintiff is an attorney, businessperson, and past
6 | candidate for elective office.  SAC ¶ 3.

> [He] develops websites and website traffic to (i) create website income through use or sale of Search Advertising directed to website visitors; (ii) create capital values for his 10 Community Search Websites (including myclads.com) under development; (iii) market his candidacy for public office in New York; (iv) obtain clients; (v) market non-commercial, political and information websites to obtain website traffic; and (vi) market his self-published books.

SAC ¶ 4.  He is a competitor with Google "in the submarket or market of monetizing the traffic of Community Search Websites."  SAC ¶ 6.  He has used Google's AdWords program as well as comparable programs run by Yahoo, MSN, and 7Search.  SAC ¶ 8.

Google maintains the world's largest index of web sites and other content.  SAC ¶ 11. AdSense is "Google's version of context or banner advertising."  SAC ¶41(A).  AdWords is a search advertising program that enables "advertisers to hold back their ads until potential customers were seeking information through a search."  SAC ¶ 41(B).  AdWords is an essential facility "because it has not been able to be duplicated, competitively, by Yahoo or MSN."  SAC ¶ 80.  Google discriminates among users and fails to give reasonable access to AdWords with the goal of foreclosing competition.  SAC ¶ 84.  Google has attained a monopoly in, (or, alternatively, has a dangerous probability of gaining monopoly power in) the market for search advertising, defined as "website advertising that is triggered by a website or Internet search, with the advertisement (and any others) displayed alongside the search results.  Such advertising could be purchased on a pay-per-click ("PPC"), cost-per-thousand ("CPM") or other basis;" and the submarket of "monetizing the traffic of Community Search Websites through use of Search Advertising."  SAC ¶¶ 41(I), 44, 45, 98 (emphasis removed).  Alternatively, "if the market turns out to be 'all Internet Advertising' and not 'Search Advertising,' the submarket becomes the market for monetizing the traffic of Community Search Websites through the use of Internet

Advertising." SAC ¶ 44 (emphasis removed). Google has made extensive acquisitions, both before and after gaining monopoly status. SAC ¶¶ 49(A)-(B), Ex. A.

## II. LEGAL STANDARD

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## III. DISCUSSION

As the Court explained in the March 16th Order, in order to make out a claim for attempted monopolization or monopolization, a plaintiff must define the relevant market. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1476 (9th Cir. 1997). The relevant market is "the field in which meaningful competition is said to exist." *Image Technical Services, Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1202 (9th Cir. 1997). Failure to allege the relevant market is an appropriate ground for dismissal of a Sherman Act claim. *Tanaka v. University of Southern California*, 252 F.3d 1059, 1063 (9th Cir. 2001). "A 'market' is any grouping of sales whose sellers, if unified by a monopolist or a hypothetical cartel, would have market power in dealing with any group of buyers." *Rebel Oil Co. v. Atlantic Richfield Co.*, 51 F.3d 1421, 1434 (9th Cir. 1995). The Supreme Court has explained that the relevant market for antitrust purposes is determined by the choices available to consumers. *Eastman Kodak Co. v. Image Technical Services, Inc.*, 504 U.S. 451, 481-82 (1992). In some instances, one brand of a product may constitute a separate market. *Id.* "The product market includes the pool of goods or services that enjoy reasonable interchangeability of use and cross-elasticity of demand." *Tanaka*, 252 F.3d at 1063.

As it also explained in its prior order, the Court finds no basis for distinguishing the alleged "search advertising market" from the larger market for Internet advertising. As discussed in the prior order, search-based advertising is reasonably interchangeable with other forms of

Internet advertising. A website may choose to advertise via search-based advertising or by posting advertisements independently of any search. The "search advertising market" thus is too narrow to constitute a relevant market for antitrust purposes. The proposed sub-market of "monetizing the traffic of Community Search Websites through use of Search Advertising" is more specific than the proposed market, but it too fails to incorporate the non-search-based advertising with which search-based advertising is reasonably interchangeable. Accordingly, both the monopolization and attempted-monopolization claims in the SAC must be dismissed to the extent that they are premised upon the identification of "Search Advertising" as the relevant market.

The SAC contains few, if any factual allegations regarding Google's position in the "Internet advertising" market. Plaintiff does state: "[a]lternatively, if the market turns out to be 'all Internet advertising' and not 'Search Advertising', the submarket becomes the market for monetizing the traffic of Community Search Websites through the use of Internet Advertising." While this statement apparently indicates what Plaintiff would attempt to plead in another amended complaint,[6] the Court must decide whether further leave to amend is appropriate. For the reasons discussed below, the Court concludes that further amendment would be futile and that leave should not be granted.

Likely because of the absence of a properly-pleaded relevant market, it is hard to discern what types of competition Plaintiff believes are threatened by Google's actions. Plaintiff still fails to allege any facts that would render discriminatory pricing a violation of the antitrust laws. *See Verizon Communications, Inc. v. Trinko*, 495 U.S. 328, 340 (1990). Plaintiff's conclusory allegations of predatory behavior do not remedy this deficiency. *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007) (explaining that a plaintiff's obligation to state the ground for relief "requires more than labels and conclusions, and a formulaic recitation of the elements

---

[6] In opposition to the motion, Plaintiff refers to the "search market." Opposition 11. The Court concludes that this reference is shorthand for the search advertising market, and that Plaintiff does not propose leave to file an amended complaint that identifies the search market as the relevant market. The Court has rejected such a proposed relevant market in the related case. *See Kinderstart v. Google*, 2007 WL 831806 *5-6 (N.D.Cal. March 16, 2007).

of a cause of action will not do") (citations omitted).  As counsel for Google argued at the hearing, Plaintiff does not explain how he is excluded from the AdWords program.  Numerous valid business reasons, many of which actually may heighten competition, might justify increased prices for keywords that do not appear on Plaintiff's websites.  Nor is the SAC clear as to who is a competitor of Google and who is a customer.  To the extent that the SAC alleges that Plaintiff is a competitor of Google, such competition would appear to involve the monetization of Internet traffic - an extremely broad activity that would appear to encompass most website operators[7] - rather than Internet advertising.  SAC ¶ 6.  There is no reason to believe that allowing Plaintiff to plead a different relevant market would alleviate these deficiencies, since they have appeared in each of Plaintiff's complaints to date.

The Court asked Plaintiff at oral argument whether he could plead further facts in support of his claim.  The only additional facts offered by Plaintiff pertained to the difficulty of a public interest group in purchasing certain keywords under the AdWords program.  Such facts would be largely repetitive of Plaintiff's allegations regarding his inability to afford certain keywords relative to his prior political activities.  They would not address the deficiencies that the Court has identified previously with respect to anticompetitive or exclusionary conduct allegations or the definition of the relevant market, nor would they address the lack of specific allegations with respect to Google's position in the Internet advertising market.

The SAC does not include allegations pertaining to Google's position in the larger Internet advertising market, but a news article provided by Plaintiff in opposition to the motion indicates that Google is projected to have a thirty-two percent share of the Internet advertising market in 2007.  Person Decl. Ex. R.  Whether or not it is appropriate for the Court to take judicial notice of this figure, Google's purported share of the Internet advertising market is significantly less than its alleged seventy percent share of the search advertising market.  SAC ¶ 46. Accordingly, it is highly unlikely that Plaintiff could allege a monopolization or attempted monopolization claim with respect to the overall Internet advertising market, particularly to the

---

[7] The Court has held that the market definition "Website Traffic Monetizing Market" is vague and overbroad for this reason.  March 16th Order 7.

7

extent that he seeks to proceed on an "essential facilities" theory.

Moreover, viewing the market in terms of the proposed submarket likely would render the definition vague and overbroad as it would encompass not only online advertising companies but also community sites that place Google advertisements. Plaintiff does not explain how Google is in competition with such sites. While the Court need not decide whether the SAC complies with Fed. R. Civ. P. 8(a), which requires a "short and plain statement of the claim," it notes that Plaintiff has struggled to limit his complaints to alleged injuries he has sustained personally as opposed to speculation about injury to Google's large-scale competitors, such as Yahoo. Permitting Plaintiff to expand his definition of the relevant market likely would aggravate this problem.

Finally, the Court gave explicit direction to Plaintiff in the March 16th Order that he should amend the relevant market alleged in his complaint. However, instead of following this direction, Plaintiff alleged an almost identical relevant market, while alleging additional facts that he believed would show that the Court erred in its initial determination. The proper means of seeking reconsideration of the March 16th Order would have been a motion for reconsideration. The adequacy of the definition of a relevant market is largely a question of law and nothing in Plaintiff's factual allegations alters the Court's previous conclusion that search-based advertising is reasonably exchangeable with Internet advertising that is not search-based.[8]

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to dismiss is GRANTED without leave to amend.

DATED: June 25, 2007

JEREMY FOGEL
United States District Judge

---

[8] Plaintiff provides no meaningful argument in support of his request to allow discovery into the appropriate market definition.

1  This Order has been served upon the following persons:

2  Jonathan M. Jacobson        jjacobson@wsgr.com, ageritano@wsgr.com

3  David H. Kramer             dkramer@wsgr.com, dgrubbs@wsgr.com

4  Carl E. Person              carlpers@ix.netcom.com